[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage and other relief brought by the plaintiff husband against the defendant wife. The plaintiff and the defendant, whose maiden name was Charlene Hamilton, were married on the 20th day of April, 1991, at Rockaway, New York. The plaintiff has resided in Connecticut a least twelve months preceding the date of the filing of this complaint. The marriage has broken down irretrievably with no reasonable prospects of reconciliation. There is one minor child, Talmadge Vick III, born September 24, 1991, the issue of the marriage. Neither party is receiving assistance from the State of Connecticut.
Both of the parties are college graduates and have excellent employment. Each blames the other for the breakdown of the marriage. From the evidence presented, the court finds that the husband's attitude and treatment of his wife is the principal cause of the marriage breakdown.
Although there is no real estate owned by either party, the court has considered and weighed the factors set forth in Conn. General Statutes 46-81(c) and 46b-62 in determining whether to grant attorney's fees.
The court makes the following findings:
CT Page 9784 1) There is the requisite jurisdiction.
2) There has been an irretrievable breakdown of the marriage.
The court enters the following orders:
1) The marriage of the parties shall be dissolved on the grounds of irretrievable breakdown.
2) Custody of the minor child shall be joint custody with physical custody to the defendant wife.
3) The plaintiff shall have reasonable and liberal: visitation rights, including one evening per week from 5:00 P.M. to 8:00 P.M.; alternate days on Saturday or Sunday from 10:00 A.M. to 5:00 P.M. The plaintiff shall have further visitation rights on Easter, Christmas, Thanksgiving and the child's birthday. The plaintiff shall have the child for one week in the summer for vacation.
4) It is agreed by the parties and ordered by the court that the plaintiff shall pay the sum of $100 per week for support of the minor child and that he will have the income tax exemption for the child. The sum of $100 per week meets the statutory standards for child support.
5) Neither party has asked for periodic alimony and none is granted.
6) The plaintiff shall provide medical and dental coverage for the child through his employment. The parties shall equally divide unreimbursed medical and dental expenses as long as the child is a minor.
7) Both parties are to maintain life insurance of $100,000 each with the child as the irrevocable beneficiary so long as the child remains a minor.
8) The defendant shall have exclusive possession of the marital residence and the plaintiff shall reimburse her $100 a month for rent during the remainder of the lease. At the termination of the lease, the security deposit shall be divided equally.
CT Page 9785 9) The plaintiff shall be solely responsible for the debts listed on his financial affidavit and he shall reimburse the defendant his one-half share of the debts listed on her financial affidavit except for:
A. Wedding sand
B. SNET Co.
C. Gas Company
D. Wedding D.J.
E. Loans
10) Each party shall retain all other assets listed on their respective financial affidavits.
In applying the standards set forth in Conn. General Statutes 46b-62 and 6b-82, the court does not award counsel fees to either party.
QUINN, J.